IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KAYLA M. HUFFMAN and AARON S. PURINTON, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No.: 4:17-cv-00485-BCW ) |
| AMCO INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

## DEFENDANT AMCO INSURANCE COMPANY'S SUGGESTIONS IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND THIS MATTER TO THE JACKSON COUNTY CIRCUIT COURT

COMES NOW Defendant AMCO Insurances Company (hereinafter "AMCO"), by and through counsel, and for its Suggestions in Opposition to Plaintiffs' Motion to Remand states as follows:

1. In this case, Plaintiffs have made claims against AMCO for underinsured motorist (UIM) coverage and vexatious refusal to pay penalties, which claims arise out of injuries suffered from an automobile accident on June 28, 2016. *See Exhibit A*, *Plaintiffs' Petition for Damages.*

2. As a result of the underlying accident, Plaintiffs claim they sustained bodily injuries with damages that exceed the $25,000.00 per person policy limit of the alleged tortfeasor's auto policy, thereby entitling Plaintiffs to underinsured motorist benefits. *See Exhibit A, ¶¶ 31, 35*. Specifically, Plaintiff Kayla Huffman claims injuries to her head, neck, hips, and back. *See Exhibit A, ¶¶ 17.* Plaintiff Aaron Purinton claims injuries to his head, neck and back. *See Exhibit A, ¶¶ 19*.

3. With respect to Plaintiffs breach of contract/UIM claims asserted in Counts I and II of the Petition, Plaintiffs claim that AMCO breached the contract by refusing to pay Plaintiffs UIM benefits under the policy. Prior to filing the present suit, Plaintiffs made a demand on AMCO for

F:\WPDOCS\105\105.072\Pleadings\Suggestion in Opposition to MTN to Remand\AMCO Suggestions in Opp to Motion for Remand.doc

Case 4:17-cv-00485-BCW   Document 10   Filed 07/26/17   Page 1 of 8

payment of UIM benefits under the policy. *See Exhibit B, Demand*. The AMCO policy at issue provides underinsured motorist coverage with limits of liability of $50,000.00 each person and $100,000.00 each accident, subject to all terms and conditions stated therein. *See Exhibit A, ¶5*.

4. In Counts I and II of their Petition, Plaintiffs' prayers for relief seek unspecified damages and "an award which is fair and reasonable, for [their] costs incurred herein, and for such other and further relief as the Court deems just and proper." *See Exhibit A*.

5. In Counts III and IV, Plaintiffs seek damages of "20% of the first $1,500.00 of the amount recovered plus 10% of the amount recovered in excess of $1,500.00." *See Exhibit A*. In addition, Plaintiffs seeks an "award of reasonable attorney's fee" and costs incurred. *See Exhibit A*.

6. AMCO properly removed this matter from the Circuit Court of Jackson County, Missouri to this Court based on its original jurisdiction of the matter pursuant to 28 U.S.C. §1332(a), in that the amount in controversy exceeds $75,000 and is between citizens of different states.

7. Plaintiffs' Motion to Remand does not challenge the diversity of citizenship between the parties.

8. Plaintiffs' Motion to Remand simply argues that the amount in controversy required for diversity jurisdiction can only be met if either of plaintiffs' claims for attorney's fees exceed $45,000.00. Notably, Plaintiffs do not stipulate or affirmatively state the attorney's fees will not exceed $45,000.00. In other words, plaintiffs recognize that the amount in controversy meets the jurisdictional threshold.

9. This Court does in fact have jurisdiction because at the time of the filing of Plaintiffs' Petition for Damages the amount in controversy exceeded $75,000.00, despite Plaintiffs current, non-binding statement that the amount in controversy requirement is not met.

2

Case 4:17-cv-00485-BCW   Document 10   Filed 07/26/17   Page 2 of 8

10. In *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283 (1938), the Supreme Court held that a plaintiff may prevent removal by committing to accept less than the federal jurisdictional amount. After a case has been removed to federal court, however, it is too late for the plaintiff to foreclose federal jurisdiction by agreeing to collect less than the jurisdictional amount. *Id*. at 292-93. Thus, even if Plaintiffs had made a commitment to accept less than the federal jurisdictional amount, which they have not, any such agreement would not warrant remand. The *St. Paul* Court explained:

> We think this well-established rule is supported by ample reason. If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice.

*Id*. at 294.

11. When considering a motion to remand on the basis that the amount in controversy is less than $75,000.00, this Court looks to the amount in controversy at the time the case is filed and disregards a plaintiffs' post-removal assertions regarding the amount. "[T]he basis for removal jurisdiction is determined at the time the complaint is filed rather than at the time when the notice of removal is filed; therefore, post-removal stipulations and amendments do not generally defeat federal jurisdiction if the amount-in-controversy was satisfied at the time the complaint was filed." *Gilming v. Jill*, No. 05-0123-CV-W-FJG, 2006 WL 2246431 (W.D.Mo. 2006) (quoting *Neighbors v. Muha*, No. 05-472-CV-W-GAF, 2005 WL 2346968 (W.D.Mo. 2005). This Court may also consider the "extensive list of serious and disabling injuries suffered by the plaintiff." *Id*.

12. The allegations in plaintiffs' Petition for Damages demonstrate that the amount in controversy exceeds $75,000.00. Plaintiffs seek underinsured motorist coverage of $50,000.00

3

each, penalties under R.S.Mo. § 375.420, reasonable attorney fees, costs, and what other amounts the Court deems just and proper.

14. Plaintiffs' contention that the jurisdictional threshold is not met in this case due to setoff language included in the AMCO policy, is contrary to longstanding precedent. The set off language in the policy is irrelevant to the determination of whether the amount in controversy has been satisfied. *St. Paul Mercury Indem. Co. v*, 303 U.S. at 292 (finding that a valid defense to all or potion of the claim which could reduce the amount recoverable below the jurisdictional requirement "will not justify remand."); *Brew v. Safeco Ins. Co. of Illinois*, No. 4:15CV0970 TCM, 2015 WL 4715295, at *3 (E.D. Mo. Aug. 7, 2015) (finding the defendant's "position that it is entitled to a setoff does not negate, for purposes of diversity jurisdiction, Plaintiffs' claim that she should be awarded the full amount of underinsured motorist coverage provided by her insurance policy."). Accordingly, for purposes of determining the amount in controversy, the full policy limit of $50,000.00 must be considered, without regard to the set off for the tortfeasor's limits or payments. The fact that prior to filing suit, plaintiffs expressed their dispute over the validity or applicability of defendant's affirmative defenses for a set off based on the tortfeasor's policy limits, further demonstrates that the full $50,000.00 must be considered in determining the amount in controversy.

14. Here, Plaintiffs' argument is premised on the erroneous conclusion that the setoff language in the AMCO policy affects the amount in controversy analysis. As noted above, the fact that AMCO "is entitled to a setoff does not negate, for purposes of diversity jurisdiction, Plaintiffs' claim that she should be awarded the full amount of underinsured motorist coverage provided by her insurance policy." *Brew*, No. 2015 WL 4715295, at *3. As such, for purposes of determining

the amount in controversy, the full policy limits must be considered as plaintiffs' claim severe and permanent injuries. *See, Exhibit A, Plaintiffs' Petition for Damages*.

15. In this case, if it is determined that the underinsured motorist coverage is triggered for Plaintiffs' claimed losses, the policy has a limit of liability of $50,000 per person and $100,000 per accident, subject to all terms and conditions stated therein. *Exhibit A, ¶5*.

16. Should plaintiff recover UIM benefits under the policy, if a jury finds in plaintiffs' favor on the vexatious refusal claim, it may additionally award penalties under R.S.Mo. § 375.420. The amount in controversy is determined by considering the cumulative damages sought by each party in the Complaint. Accordingly, the potential of a $5,150.00 penalty must also be included in the amount in controversy assessment.

17. In addition to the vexatious refusal penalty, Plaintiffs seek attorney's fees under the vexatious refusal statute. Notably, attorney's fees must also be included in the jurisdictional minimum calculations. *See Crawford v. F. Hoffman-La Roche Ltd.,* 267 F.3d 760 (8th Cir. 2001). Plaintiffs' attorney's fees claim plainly escalates the amount in controversy above the jurisdictional threshold. Under either a percentage basis or the lodestar method, Plaintiffs' claim for attorney's fees alone creates an amount in controversy above the jurisdictional limit.

   a. *Percentage based*. Based upon similar cases in Missouri involving vexatious refusal claims arising out of a dispute with an insurance company, attorney fee awards range from 38% to more than 300% of the amount awarded on the policy. *See Exhibit C, Jury verdict reports*. The average attorney fee percentage on the amount awarded under the policy of the attached jury verdicts is 92% considering all attached verdicts. *Exhibit C*. Even if the larger percentage cases (i.e. cases with attorney's fees awarded at higher than 85% of the amount awarded on the policy) are

removed from the consideration, the average attorney fee percentage awarded is 53% of the amount awarded on the contract. *Exhibit C*. In fact, only in one of the attached cases did the attorney fee award fall below 40% of the amount awarded on the contract. *Exhibit C*. As such, even on the very lowest percentage basis, plaintiffs' attorney's fees on each claim will meet the jurisdictional threshold. More importantly, the cases showing 300% recovery of attorney's fees establish the amount in controversy requirement is still met even if plaintiffs' claim that the set off amount is considered in determining the amount in controversy is accepted. Accordingly, under a percentage basis, at a minimum, when Plaintiffs' claims for attorney's fees are combined with the additional damages sought under the policy and pursuant to the vexatious refusal statute, the amount in controversy clearly exceeds $75,000, not even considering costs or "such other and further relief as the Court deems just and proper."

b. *Lodestar method*. Under the lodestar method, attorney's fees are calculated based upon the number of hours spent on a particular matter times an hourly rate. Discovery in this case will include multiple depositions including those of the parties, of witnesses to the accident, damage witnesses and expert witnesses, some of which may require travel outside the state of Missouri. In addition to the depositions, the parties will engage in further discovery through their own investigations and by way of interrogatories, request of production of documents, request for admissions. Beyond discovery, motions are anticipated in this matter, as well as participation in the Court's Early Assessment Program. Given the number of depositions, amount of discovery, motion practice and ADR procedures, on top of the hours needed to

6

Case 4:17-cv-00485-BCW   Document 10   Filed 07/26/17   Page 6 of 8

prepare for and participate in a trial in this matter, the total number of hours involved in this case will easily exceed 150 hours through the trial.

In a previous *Missouri Lawyers Weekly* survey, the average hourly rate for Missouri attorney's is $308/hour. *See Exhibit D, Missouri Lawyers Weekly, Billing Rates: Compare & Contrast.* Using this average, the attorney's fees in this matter when combined with the other damages sought, meet the jurisdictional threshold. In fact, based on the average rate calculated on a low scale of hours of 150, plaintiffs' attorney's fees could be at least $46,000.00. Even an amount of attorney's fees based on a fractional rate of the Missouri average will, when combined with the additional damages sought under the policy and pursuant to the vexatious refusal statute, undoubtedly exceeds the $75,000 jurisdictional threshold, again not even considering costs and "such other and further relief as the Court deems just and proper".

18. In seeking remand, Plaintiffs simply claim that they <u>may</u> not incur sufficient attorney's fees to meet the jurisdictional threshold of $75,000.00. However, because the reverse is also true (i.e. that <u>may</u> incur sufficient attorney's fees to meet the jurisdictional threshold), the amount in controversy requirement is met. As stated above, given that the amount in controversy under the policy on each claim is $50,000.00, plus the vexatious refusal penalty of $5,000.00, either plaintiff need only incur $20,000.00, to meet the jurisdictional threshold in attorney's fees. Clearly, it is not unrealistic or unreasonable to consider that Plaintiffs will in all likelihood incur more than $20,000.00 in attorney's fees each.

19. The Court should deny Plaintiffs' Motion to Remand. At the time Plaintiffs' Petition for Damages was filed the amount in controversy exceeded $75,000 plus costs.

WHEREFORE, for the above stated reasons and for good cause shown, defendant respectfully requests an Order from this Court denying Plaintiffs' Motion to Remand and for such other and further relief this Court deems just and appropriate.

Respectfully submitted,

**FRANKE SCHULTZ & MULLEN, P.C.**

_____
NIKKI E. CANNEZZARO  # 49630 MO
8900 Ward Parkway
Kansas City, MO 64114
(816) 421-7100 (Telephone)
(816) 421-7915 (Facsimile)
*ncannezzaro@fsmlawfirm.com*
**ATTORNEY FOR DEFENDANT**

**Certificate of Service**

The undersigned hereby certifies that a true and accurate copy of the foregoing was emailed this 26th day of July, 2017, to:

Kevin Humiston
6304 N. Lucerne Avenue
Kansas City, MO 64151
816-505-0001
kevin@humistonlaw.com
**ATTORNEY FOR PLAINTIFFS**

_____
**Attorney for Defendant**