IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KAYLA M. HUFFMAN, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 4:17-CV-00485-BCW |
| AMCO INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) ) |

## ORDER

Before the Court is Plaintiffs' Motion to Remand (Doc. #5). The Court, being duly advised of the premises, grants said motion.

## BACKGROUND

On June 28, 2016, Plaintiffs Huffman and Purinton ("Plaintiffs") were riding[1] in Huffman's 2004 Ford Expedition, for which Huffman had underinsured motorist coverage ("UIM") through Defendant AMCO. The insurance policy underlying this dispute provided for UIM coverage of $50,000 per person and $100,000 per accident.

Guillermo Del Moral, driving a 2004 Chrysler Town and Country, collided with the Expedition occupied by the Plaintiffs. Del Moral's vehicle was covered by a policy of automobile liability insurance issued by Trader's Insurance Company. Del Moral's insurance policy provided for liability coverage of $25,000 per person and $50,000 per occurrence.

Plaintiffs were injured as a result of Del Moral's vehicle colliding with the Expedition. Huffman incurred medical expenses of $18,018.35 and Purinton incurred medical expenses of $17,022.47. On February 22, 2017, Plaintiffs obtained permission from AMCO to settle the

---

[1] A third passenger, Alyssa Huffman, was also in the Expedition, but was not physically injured in the collision.

1

underlying liability claims exhausting Del Moral's insurance coverage. Plaintiffs settled with Trader's for $23,000 each for Huffman and Purinton, and $4,000 for the third passenger.

On March 6, 2017, Plaintiffs made formal demands to AMCO, seeking $25,000 each in UIM coverage. AMCO rejected the demands and counter-offered $1,000 to Huffman and $2,500 to Purinton.

On May 4, 2017, Plaintiffs filed claims against AMCO in the Circuit Court of Jackson County, Missouri, asserting two claims of breach of contract and two claims of vexatious refusal (Doc. #1-1). AMCO removed Plaintiffs' claims to federal court on the basis of diversity jurisdiction because complete diversity of citizenship exists among the parties, and the amount in controversy exceeds $75,000.00. (Doc. #1). Plaintiffs seek remand to state court on the basis that the amount in controversy does not exceed the statutory minimum, but do not dispute the existence of complete diversity of citizenship.

## LEGAL STANDARD

A defendant may remove an action that is pending in state court to a federal district court as long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "Removal statutes are strictly construed, and any doubts about the propriety of removal are to be resolved in favor of remand." In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993).

Federal diversity jurisdiction arises when there is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000. Advance Am. Serv. of Ark., Inc. v. McGinnis, 526 F.3d 1170, 1172 (8th Cir. 2008). With respect to § 1332's amount in controversy requirement, "[w]here, as here, the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party 'must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.'" In re Minn. Mut. Life Ins. Co.

2

Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003) (citing Trimble v. Asarco, Inc., 232 F.3d 946, 959 (8th Cir. 2000) ("The party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence.")).

"To meet this burden, the removing party must present some specific facts or evidence demonstrating that the jurisdictional amount has been met." Brew v. Safeco Ins. Co. of Ill., No. 4:15CV0970 TCM, 2015 WL 4715295, at *1 (E.D. Mo. Aug. 7, 2015). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the jurisdictional amount." Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009) (citing Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006)).

## DISCUSSION

Plaintiffs argue that their claims should be remanded to the Circuit Court of Jackson County, Missouri, because under the allegations of the complaint, neither individual plaintiffs claimed damages exceeding the jurisdictional prerequisite of § 1332. Specifically, Plaintiffs argue that each claim for breach of the UIM provision of the insurance contract in the amount of $50,000 is offset by Plaintiffs' settlement with Del Moral's insurer, such that each Plaintiff's maximum recovery for breach of contract could be no more than $27,000. Plaintiffs further argue that each individual's maximum recovery for vexatious refusal is $2,850.00,[2] plus a reasonable attorney fee. Plaintiffs thus argue that the amount in controversy in this case exceeds $75,000, only if Plaintiffs' attorneys' fees are more than $45,150.00.

In contrast, AMCO argues removal to federal court is proper because each plaintiff seeks recovery of $50,000 in UIM coverage, in addition to statutory damages and a reasonable attorney

---

[2] Maximum statutory damages under Missouri's vexatious refusal statute are "not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee . . . ." Mo. Rev. Stat. § 375.420.

3

fee for vexatious refusal. AMCO argues that any settlement Plaintiffs received previously has no impact on the amount in controversy for purposes of determining diversity jurisdiction. Finally, AMCO argues that even though Plaintiffs argues that their attorneys' fees would have to exceed $45,150.00 to exceed the jurisdictional prerequisite of § 1332, Plaintiffs do not stipulate or state affirmatively that their fees will not exceed $45,150.00 per plaintiff.

"The judicially created well-pleaded complaint rule states that the basis of federal jurisdiction must appear on the face of plaintiff's complaint . . . ." Reding v. Fed. Deposit Ins. Corp., 942 F.2d 1257, 1257 (8th Cir. 1991). "When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court . . . has original jurisdiction over that claim." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 559 (2005).

> A court, in assessing whether the amount in controversy exceeds $75,000,
>
> must bear in mind that: it is the amount or value of that which the complainant seeks to recover, or the sum or value of that which the defendant will lose if the complainant succeeds in his suit, that constitutes the sum or value of the matter in dispute, which tests the jurisdiction.

Lowe v. First Fin. Ins. Co., No. 14-00801-CV-W-JTM, 2015 WL 753139, at *3 (W.D. Mo. Feb. 23, 2015) (citing Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 815 (8th Cir. 1969) (quoting Cowell v. City Water Supply Co., 121 F. 53, 57 (8th Cir. 1903))). "[I]n disputes regarding the applicability of an insurance policy to a particular occurrence, as where insurance coverage is denied, the amount in controversy is the value of the underlying claim." Lowe, 2015 WL 753139, at *3 (citing Fainer v. State Farm Mut. Auto. Ins. Co., No. 4:08CV1536 AGF, 2009 WL 911724, at *1 (E.D. Mo. Apr. 1, 2009)).

In this case, the face of the complaint indicates that while Plaintiffs made demands for less than the UIM policy limit, AMCO rejected the offer. Thus, Plaintiffs' breach of contract

4

claims seek the liability limits of UIM coverage, which as stated in the complaint, are $50,000 per person and $100,000 per accident.

To the extent Plaintiffs argue that they can recover no more than $27,000 under the set-off provision of the insurance policy since they settled with Trader's for $23,000 each, the value of each breach of contract claim is the $50,000 per person and $100,000 per accident of UIM coverage. Even if AMCO later asserts "that it is entitled to a setoff[, this] does not negate, for purposes of diversity jurisdiction," Plaintiffs' claims that they should each be awarded the full amount of UIM coverage under the AMCO policy. Brew, 2015 WL 4715295, at *1.

With respect to each claim for vexatious refusal, the Court calculates potential damages and penalties in reliance on the value of Plaintiffs' claims for breach of contract, totaling $50,000 each. The maximum penalty under Mo. Rev. Stat. § 375.420 using this base total of $50,000 is $5,150.00, plus a reasonable attorney fee. (($1500.00 * 20% = $300) + (($50,000.00- $1500.00 = $48,500) * 10%) = $4,850.00) = $55,150.00).

Therefore, the amount in controversy requirement of § 1332 is met on the face of the complaint only if a reasonable attorney fee for each plaintiff's claims exceeds $19,850.00. (($75,000-$50,000 = $25,000) – $5,150 = $19,850). "It is axiomatic [that] the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal." Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 822 (8th Cir. 2011).

In this case, AMCO's notice of removal asserts that the amount in controversy exceeds $75,000, without further support beyond Plaintiffs' complaint seeking a reasonable fee under the vexatious refusal statute. AMCO's opposition to remand asserts that the Plaintiffs' attorneys' fees will put the amount in controversy over the jurisdictional threshold, regardless of whether fees are calculated on a percentage basis, or through the lodestar method.

5

"[P]ost-removal events do not affect jurisdiction and . . .pretrial proof can be used to assess the amount in controversy as it existed at the time of removal." Id. at 825. Thus, although Plaintiffs' reply requests an order capping the damages sought or awarded to each plaintiff at $74,999.99, such stipulation does not impact issue of the amount in controversy upon removal. (Doc. #16).

Under the circumstances, the Court finds AMCO has not met its burden to show, by a preponderance of the evidence, that at the time of removal the amount in controversy exceeded $75,000. Even if each Plaintiff's claim for breach of contract relative to UIM coverage is for $50,000, the jurisdictional threshold of § 1332 is established only through the addition of attorneys' fees, which Plaintiffs are entitled to only if they establish that AMCO denied their claims for UIM coverage in bad faith. "[W]henever the impossibility of recovery is not apparent from the face of the pleadings but emerges from adjudication of the merits," courts "defer[…] to the plaintiff's estimate with respect to the amount in controversy." Id. at 823 (citing McDonald v. Patton, 240 F.2d 424, 426 (4th Cir. 1957)). Thus, AMCO's reliance, at the time of removal, on Plaintiffs' request for a reasonable attorney fee is, without more, inadequate to establish federal jurisdiction by a preponderance of the evidence. Accordingly, it is hereby

ORDERED Plaintiffs' Motion to Remand (Doc. #5) is GRANTED. The Clerk of the Court is thus directed to immediately take all necessary steps to remand this matter to the Circuit Court of Jackson County, Missouri.

IT IS SO ORDERED.

DATED: August 31, 2017

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT